IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY L. ROBERTS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1633-D |
| | § | |
| CITY OF BALCH SPRINGS POLICE DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Timothy L. Roberts, an inmate in the Dallas County Jail, against the City of Balch Springs Police Department, two Balch Springs police officers, and unnamed "Dallas Detectives." On September 1, 2009, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on September 22, 2009 and November 10, 2009. The court now determines that this case should be summarily dismissed.

II.

On or about December 12, 2008, plaintiff was arrested for the murder of Amanda Rogers. According to plaintiff, the murder charge stems from a warrantless search of his residence conducted by two Balch Springs police detectives, Bird and Clemons. During the search, the detectives allegedly shook a door off its hinges, broke windows, and damaged the carpet of a vehicle owned by plaintiff's wife. The detectives also seized tools and equipment that will be used as evidence against plaintiff in the pending murder case. In addition to conducting an illegal search and damaging his property, plaintiff accuses the detectives of failing to advise him of his *Miranda* rights, attempting to coerce a confession, forcing him to provide a DNA sample, falsely charging him with murder, and harassing plaintiff's co-workers and family members. By this suit, plaintiff seeks unspecified money damages, total exoneration from the murder charge, and an apology from the City of Balch Springs and the detectives.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Balch Springs Police Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Balch Springs Police Department is not a separate legal entity having jural authority. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (city police department cannot be sued as an independent entity absent authorization by the city); *Johnson v. Dallas City Police Dept.*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas Police Department not a proper defendant with jural existence). Therefore, plaintiff's claims against this defendant must be dismissed.

C.

The gravamen of plaintiff's complaint is that his arrest and incarceration are the result of an illegal search, seizure, and custodial interrogation. However, a prisoner may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas

court has determined that the terms of confinement are in fact invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). A claim of false arrest, illegal search, and unlawful interrogation is *Heck*-barred where the evidence allegedly discovered during the arrest, search, or interrogation concerns the pending criminal charge. *Guillory v. Ivory*, 263 F.3d 163 (Table), 2001 WL 803681 at *1 (5th Cir. Jun. 13, 2001); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *see also Parker v. Mendoza*, No. 4-05-CV-0759-Y, 2006 WL 3438627 at *2 (N.D. Tex. Nov. 14, 2006) (citing cases) (applying *Heck* to civil rights action that implies the invalidity of a pending criminal charge).

Plaintiff is currently awaiting trial for murder. That charge stems from evidence discovered during the arrest, search, and interrogation made the basis of this suit. Because plaintiff's claims necessarily imply the invalidity of his incarceration, he cannot maintain a civil rights action unless and until he is acquitted of the charge or a court finds that the terms of his confinement are invalid. *See Jones v. Foster*, No. 3-08-CV-0366-D, 2008 WL 2604813 at *2 (N.D. Tex. Jun. 30, 2008).[1]

### D.

Nor can plaintiff sue for damage to his residence and the destruction of personal property allegedly caused by the detectives. The intentional deprivation of property does not give rise to a

---

[1] To the extent plaintiff challenges his pretrial incarceration, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2241. *Yoes v. Anderson*, No. 4-02-CV-0870-Y, 2002 WL 31627976 at *2 (N.D. Tex. Nov. 19, 2002) (citing cases). However, a search of Dallas County records reveals that plaintiff has never filed an application writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07 in any of his pending cases. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

civil rights claim unless the plaintiff can show that state remedies are inadequate. *See Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Texas provides an adequate post-deprivation remedy by way of a common law cause of action for conversion. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Consequently, plaintiff cannot sue under 42 U.S.C. § 1983.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 23, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE